IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-134-2D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT PAIGE LEE, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 32(h) of the Federal Rules of Criminal Procedure and relevant Fourth Circuit precedent, this court provides notice that it is contemplating a variance above the advisory Guideline range discussed in the defendant's Presentence Investigation Report ("PSR"). See, e.g., United States v. Fancher, No. 06-4913, ___ F.3d ___, 2008 WL 152129, at *2 (4th Cir. Jan. 17, 2008). The grounds for this possible variance include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need for the sentence to promote respect for the law, the need to provide just punishment, the need for the sentence to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a)(1)–(2); cf., e.g., United States v. Shortt, 485 F.3d 243, 247–53 (4th Cir. 2007). A variance sentence would be designed to ensure that the court imposes a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in [the sentencing statute]." 18 U.S.C. § 3553(a). Of course, the court intends to consider, as appropriate, all of the factors and purposes set forth in 18 U.S.C. § 3553(a).

The court also provides notice that it is contemplating an upward departure from the advisory guideline range calculated in the defendant's PSR. See, e.g., United States v. Dalton, 477 F.3d 195, 197–99 (4th Cir. 2007). As discussed in the PSR, the ground for this possible upward departure is that the defendant's criminal history category substantially under-represents the seriousness of the

defendant's criminal history or the likelihood that the defendant will commit other crimes. See, e.g., U.S. Sentencing Guidelines Manual § 4A1.3(a) (2007); United States v. Cash, 983 F.2d 558, 560–63 (4th Cir. 1992); United States v. Rusher, 966 F.2d 868, 884–85 (4th Cir. 1992).

SO ORDERED. This **28** day of January 2008.

JAMES C. DEVER III
United States District Judge